UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GREG POIRIER,

      Petitioner,

  -v-                                          No. 17 CV 1457-LTS-KHP

SUPERINTENDANT HAROLD GRAHAM,

      Respondent.

-------------------------------------------------------x

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Petitioner Greg Poirier brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 against Respondent, Superintendent Harold Graham. (Docket entry no. 2.) On April 24, 2018, Magistrate Judge Katharine Parker issued a Report and Recommendation (docket entry no. 29, the "Report"), recommending that the petition be denied and dismissed in its entirety. On May 30, 2018, the Court received Petitioner's objections to the Report. (Docket entry no. 34, the "Objection"). The Court has considered carefully all of the parties' submissions in this case.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(c) (LexisNexis 2017). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, to the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. Pearson–Fraser v. Bell Atl., 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003). Similarly, "objections that are merely perfunctory responses argued in

an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review." Vega v. Artuz, 2002 WL 31174466, at * 1 (S.D.N.Y. Sept. 30, 2002). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992).

Petitioner's objections in this matter are an effort to reiterate his earlier arguments and are presented in conclusory fashion. With respect to Petitioner's first and second asserted grounds for relief based upon diplomatic immunity and the lawfulness of his arrest, the Objection does not address the Report's recommended conclusion that these grounds for relief are unexhausted and procedurally barred. With respect to Petitioner's third and fourth grounds for relief related to prosecutorial misconduct, the Objection cites the same evidence presented in Petitioner's original papers and argues that "it is possible fairminded jurists could disagree," on the basis of that evidence, with the Report's conclusion that it would not have been objectively unreasonable for the Appellate Division to find that the prosecutor's behavior did not so infect the trial with unfairness as to deprive Petitioner of due process. Because Petitioner raises only general or conclusory objections which, at most, amount to his disagreement with Judge Parker's conclusions, the Court reviews the Report for clear error and finds no such error in Judge Parker's thorough and well-reasoned Report. The Court thus adopts the Report in its entirety for the reasons stated therein. Accordingly, Petitioner's petition for a writ of habeas corpus is denied.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should not be issued. See 28 U.S.C. § 2253. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).  This

Order resolves docket entry no. 2.  The Clerk of Court is respectfully requested to enter judgment

accordingly and close this case.

       SO ORDERED.

Dated: New York, New York
       October 25, 2018

                        /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        United States District Judge

Copy mailed to:
Greg Poirier
10-A-2163
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021